UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**EARL VINCENT, JR.**                                                                                              **PETITIONER**

v.                                                                         **CIVIL ACTION NO. 1:16-CV-P195-GNS**

**DeEDRA HART**                                                                                                **RESPONDENT**

## MEMORANDUM AND ORDER

Before the Court is *pro se* Petitioner's motion for leave to change the name of Respondent (DN 17) and motion for relief (DN 18).  Respondent has filed a response (DN 19) to the motion for relief.

On December 8, 2016, Petitioner through counsel filed a 28 U.S.C. § 2254 petition.  On July 24, 2017, the Court dismissed the petition with prejudice as time-barred.

In his motion for relief (DN 18) which is dated February 28, 2020, and which Petitioner files *pro se*, Petitioner asks for relief in this action under Fed. R. Civ. P. 60 due to the abandonment of his counsel in this action.  He also alleges that it was counsel who did not timely file the habeas petition, missing the deadline to file the habeas petition in this Court by 64 days.

Respondent argues that a prisoner's use of Fed. R. Civ. P. 60 to vacate a previously denied habeas petition should be treated as a second or successive petition and that miscalculation by an inmate's habeas counsel does not in itself constitute a basis for equitable tolling.  Respondent further points out that Petitioner is not entitled to assistance of counsel in filing a habeas petition and could have filed the petition himself.

First, the Court considers whether this is a properly brought Rule 60(b) motion.  In *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), the Supreme Court concluded that a Rule 60(b) motion alleging that the federal courts had misapplied the statute of limitations for federal habeas

corpus petitions under 28 U.S.C. § 2244(d), was properly considered under Federal Rule of Civil Procedure 60(b) and not as a successive petition. That is the situation here.

Petitioner's motion refers specifically to Rule 60(b)(5) and (6) and Rule 60(c)(1). Under Fed. R. Civ. P. 60(b):

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Rule 60(c)(1) provides: "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

The Court can discern no basis for the application of Rule 60(b)(5).

In considering whether Petitioner has shown that he is entitled to relief under Rule 60(b)(6), first, it does not appear that Petitioner filed his motion within a reasonable time as required by the Rule. *See, e.g.*, *Horton v. Sheets*, No. 2:07-CV-525, 2012 WL 3777431, at *2 (S.D. Ohio Aug. 30, 2012) (finding Rule 60(b)(6) motion untimely where *pro se* petitioner waited more than two years after the Supreme Court issued its decision in *Holland v. Florida*, 560 U.S. 631 (2010), to file his motion for reconsideration in light of that decision and failed to

explain this delay). Here, Petitioner's only reason that this motion was filed over two and half years after dismissal of his petition is that, at some unspecified time, he discussed this case with another inmate who suggested that "he could probably get his habeas action reopened under the equitable tolling doctrine," and that, thereafter, he asked an inmate legal aide to prepare the instant motion.

In any event, Petitioner does not present a situation such that his attorney's actions warrant the application of equitable tolling here. Although he asserts that his habeas counsel abandoned him and that her actions arose to the level of egregious attorney misconduct, it appears that counsel simply filed the petition late. The petition, prepared by counsel, states that it was filed as a "'bare bones' petition intended to sufficiently raise all claims which the undersigned has a good faith bases to believe are viable to ensure that the petition is timely filed." It also states that it was filed within the one-year time limit. Clearly, counsel believed, mistakenly, that the petition was brought within the limitations period. As such, Petitioner has not shown that equitable tolling due to attorney conduct applies. *See Holland v. Florida*, 560 U.S. at 651-52 ("'[A] garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline does not warrant equitable tolling.") (internal citations omitted). Petitioner has not shown that he is entitled to relief under Rule 60(b)(6). *West v. Carpenter*, 790 F.3d 693, 696-97 (6th Cir. 2015) ("Rule 60(b)(6) applies only in exceptional or extraordinary circumstances where principles of equity mandate relief.").

Accordingly, and being otherwise sufficiently advised,

**IT IS ORDERED** that Petitioner's motion for relief (DN 18) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to change the name of Respondent (DN 17) is **DENIED as moot**.

Date: September 10, 2020

Greg N. Stivers, Chief Judge
United States District Court

cc: Petitioner, *pro se*
     Counsel of record
4416.009

4